UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| INTERVET, INC., | Civil Action No. 15-1371 (FLW) |
| Plaintiff, | |
| v. | MEMORANDUM OPINION |
| MILEUTIS LTD., | |
| Defendant. | |

**BONGIOVANNI, Magistrate Judge,**

Presently before the Court is Defendant Mileutis Ltd.'s ("Defendant") motion for reconsideration of the Court's December 22, 2017 Order (Docket Entry No. 55) allowing Plaintiff Intervet, Inc. ("Plaintiff") to disclose to its in-house counsel Defendant's documents marked attorneys' eyes only ("AEO"). (Docket Entry No. 58). Plaintiff opposes Defendant's motion. (Docket Entry No. 59). The Court has reviewed all arguments raised in support of and in opposition to Defendant's motion. The Court considers Defendant's motion without oral argument pursuant to L.Civ.R. 78.1(b). For the reasons stated more fully below, Defendant's motion is DENIED.

**I.  Background**

Given the parties and Court's familiarity with this matter, the Court does not restate the facts of same at length herein, but instead focuses only on those relevant to the determination of the motion for reconsideration.

Defendant is asking the Court to reconsider Its December 22, 2017 Order (the "Order") in which it entered a Discovery Confidentiality Order which allowed Plaintiff to disclose to its in-house counsel Defendant's documents marked AEO. (Docket Entry No. 55). Defendant

states that the Order creates new law in this District and is manifestly unjust. (Def.'s Br. in Supp. of Mot. at 1). Defendant argues the sensitivity of Defendant's AEO documents is heightened in this case because the confidential information at issue concerns a multi-billion dollar product and disclosure of these documents to its competitor will cause an irreversible harm. (Id.) Defendant notes that "neither any sworn statements were submitted with counsel's letter nor even an unsworn representation as to whether Ms. Litvin performs any business-decision functions for Merck." (Id. at 3). Defendant contends that Plaintiff's counsel failed to set forth a basis for its request other than the claim that Ms. Litvin is necessary to aid in management of the litigation. (Id.).

Defendant argues that this Court's Order granting Plaintiff's in-house counsel full access to Defendant's documents marked AEO on the basis of its outside attorney's conclusory statements made in a letter to the Court creates new law in the District. (Id. at 5). Defendant states that AEO documents are not provided to the adversary's in-house counsel as a matter of standard practice. (Id.). Defendant cites to *Sanofi-Aventis U.S. LLC v. Breckenridge Pharm., Inc.,* No. 15-cv-0289, 2016 WL 308795, at *3 (D.N.J. January 25, 2016) in which the District Court conducted a two-part test that it adopted from the Federal Circuit. (Id. at 6). The Court first determined whether an unacceptable opportunity for disclosure exists and second, it balanced the risk of disclosure against the potential harm to the opposing party from "restrictions imposed on that party's right to have the benefit of counsel of its choice." (Id. (internal quotation marks and citations omitted)). Defendant notes that the Court conducted this analysis on the basis of a sworn statement, not blanket representations of counsel made in a joint letter. (Id.). Defendant states that the Court could not have conducted this two-part test because no sworn

statements were submitted to the Court. (Id. at 7). Defendant further states that there is not even an unsupported representation as to whether Ms. Litvin is involved in competitive health decision making for Merck. (Id.). Defendant argues that it is entitled to know if Ms. Litvin is involved in competitive decision making for Merck, and Defendant is entitled to have all information submitted in support of Plaintiff's request to share this highly confidential information by way of a sworn declaration as opposed to an attorney's conclusory statement. (Id. at 8).

Additionally, Defendant states that there are no decisions in this District where courts have allowed inside counsel access to sensitive competitive information without first imposing restrictions on their use. (Id.). Defendant notes that in the only case in this District to decide this issue, the Court did not grant in-house counsel access to AEO documents without restriction and that the in-house counsel submitted a sworn statement. (Id. at 9 citing *Sanofi-Aventis*, at *3).

Finally, Defendant submitted a recently decided case in which the United States Court of Appeals affirmed a finding of unclean hands as to Merck's in-house legal department. (Def.'s 5/1/18 Letter to the Court citing *Gilead Sciences, Inc. v. Merck & Co., Inc.*, 2018 WL 1936686 (Fed. Cir. April 25, 2018). Defendants argue that this case supports its motion because it "underscores the importance of barring disclosure of [Defendant's] highly confidential documents to anyone who works internally at this particular company, Merck, including its in-house attorneys." (Id.).

Plaintiff argues that the Court should not reconsider its decision because Defendant has failed to show a change in law, a change in the facts, or an error that would lead to manifest

injustice. (Pl's Br. in Opp'n at 3). Plaintiff asserts that Defendant simply reargues the points that it asserted in the parties' joint letter. (Id. at 4).

Additionally, Plaintiff argues that Defendant does not provide any support for the alleged need for maximum security that is the premise of its motion. Plaintiff states that not only does Defendant fail to explain how Ms. Litvin's review of relevant discovery designated AEO would work a "clearly defined and serious injury", it does not describe the information that it seeks to protect with any specificity. (Id. at 7 citing *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 786 (3d Cir. 1986)). Plaintiff states that Defendant repeatedly describes the AEO documents as highly confidential without further description. (Id.). Plaintiff asserts that there is no multi-billion dollar secret product and that even if there were any secrets about casein hydrolysate, the preparation in question, or the hypothesis that this preparation could be used to treat mastitis, Plaintiff is already familiar with them, as it worked on the formulation and testing of the substance for years. (Id. at 1).

Plaintiff further argues that "denial of access to confidential information by in-house counsel should not be premised solely on their status as in-house counsel." (Id. at 8 (internal quotation marks and citations omitted). Plaintiff notes that under the two-part analysis set forth in *U.S. Steel*, both parts of the analysis weigh in favor of permitting Ms. Litvin to review AEO material. (Id. at 9). Plaintiff argues that the risk of inadvertent disclosure is near zero as Ms. Litvin does not participate in Intervet's pricing or product decisions or any other form of competitive decision making at Intervet. (Id.). Plaintiff notes that Ms. Litvin does not work for Intervet, but works for its corporate parent, Merck. (Id.). Plaintiff further points out that "Ms. Litvin is not involved in any animal health business decisions by any company." (Id.). In

4

addition, Plaintiff notes that no one other than Ms. Litvin possesses her computer password and no one at Intervet has access to her e-mail or electronically stored files because those items are also password-protected. (Id. at 10).

As for Defendant's contention that the recently decided *Gilead* case supports its motion, Plaintiff states that "[Defendant's] argument that a factual finding against a single Merck patent attorney means that an entire in-house legal department cannot be trusted to adhere to the standards of their profession is both ridiculous and offensive." (Pl.'s 5/4/18 Letter to the Court at 1).

Finally, Plaintiff notes that since Defendant was not satisfied with a signed letter to the court, they have provided a signed declaration from Ms. Litvin affirming their representations. (Pl's Br. in Opp'n at 2).

## II. Analysis

In this District, motions for reconsideration are governed by L.Civ.R. 7.1(i) and are considered "extremely limited procedural vehicle(s)." *Resorts Int'l v. Greate Bay Hotel & Casino*, 830 F.Supp. 826, 831 (D.N.J. 1992). As a result, "reconsideration is an extraordinary remedy, that is granted 'very sparingly[.]'" *Brackett v. Ashcroft*, No. Civ. 03-3988 (WJM), 2003 WL 22303078, *2 (D.N.J. Oct. 7, 2003) (quoting *Interfaith Community Org. v. Honeywell Int'l, Inc.*, 215 F.Supp.2d 482, 507 (D.N.J. 2002). As such, a party seeking reconsideration bears a high burden and must demonstrate one of the following three grounds to establish that reconsideration is appropriate: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [issued its order]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café*

*v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999).

L.Civ.R. 7.1(i) provides that:

> Unless otherwise provided by statute or rule . . ., a motion for reconsideration shall be served and filed within 14 days after the entry of the order or judgment on the original motion by the Judge or Magistrate Judge. A brief setting forth concisely the matter or controlling decisions which the party believes the Judge or Magistrate Judge has overlooked shall be filed with the Notice of Motion.

As is clear from the text of the Rule, the term "overlook" is the dominant term in L.Civ.R. 7.1(i). Indeed, generally, the Rule "does not contemplate a Court looking to matters which were not originally presented." *Florham Park Chevron, Inc. v. Chevron U.S.A., Inc.*, 680 F.Supp. 159, 162 (D.N.J. 1988). Consequently, "except in cases where there is a need to correct a clear error or manifest injustice, '[o]nly dispositive factual matters and controlling decisions of law which were presented to the court but not considered on the original motion may be the subject of a motion for reconsideration.'" *Guinta v. Accenture, LLP*, Civ. No. 08-3776 (DRD), 2009 WL 301920, *5 (D.N.J. Jan. 23, 2009) (quoting *Resorts Int'l*, 830 F.Supp. at 831).

The Court finds that Defendant has failed to set forth an appropriate ground warranting reconsideration. At best, it appears that Defendant simply disagrees with the Court's reasoning and decision. The Court, however, is not obligated to, nor is it proper for Defendant to request that the Court "rethink what it had already thought through - - rightly or wrongly." *Oritani S & L v. Fidelity & Deposit*, 744 F.Supp. 1311, 1314 (D.N.J. 1990). Defendant has not established the existence of evidence that was previously unavailable or a change in the applicable law to warrant a motion for reconsideration. Furthermore, Defendant has similarly failed to establish a

manifest error of fact or law by the Court. Under these circumstances, reconsideration is not appropriate.

As for Defendant's contention that courts have not allowed inside counsel access to sensitive competitive information without first imposing restrictions on their use, the Court notes that Defendant has provided little more than conclusory statements in support of its argument that the information Ms. Litvin will be reviewing is sensitive competitive information. Indeed, no specifics regarding the content of the AEO information have been provided. Nevertheless, even presuming that the information at issue is sensitive competitive information, the Court has imposed restrictions on the use of same and finds that no additional restrictions are warranted: First, the AEO information will only be shared with one in-house attorney, Ms. Litvin, who is not involved in Intervet's business. Indeed, Ms. Litvin works not for Intervet, but for its parent company, Merck. Moreover, Ms. Litvin has confirmed in a sworn certification that she neither "participate[s] in Intervet's pricing or product decisions or any other form of competitive decision making at Intervet" nor is she "involved in any animal health business decisions by **any company**." (Certification of Dionaa K. Litvin ¶4 (Emphasis added); Docket Entry No. 59-1). Second, Ms. Litvin has confirmed under oath that no one at Intervet or even Merck for that matter has access to her Merck computer or the information she stores on the Merck network, including emails, as this information is password protected and she is the only one who knows the password needed to access same. (*See Id*. ¶ 6).

In addition, the Court finds that the recently decided *Gilead* case does not support Defendant's motion for reconsideration. That case involved a patent dispute in which

7

improperly obtained information was used to amend Merck's patent application. The Court agrees with Plaintiff that the misconduct of one Merck employee is not relevant to this motion.

Defendant asks that if the Court denies the motion for consideration, the Court instead require Ms. Litvin to submit a declaration swearing that she is not involved in business decision making at Merck at all and setting forth adequate restrictions such that Defendant's highly confidential documents marked AEO do not risk disclosure to anyone at Merck other than Ms. Litvin and are not made available on Merck's servers. (Def's Br. in Supp. of Mot. at 14-15). Plaintiff has included a certification from Ms. Litvin with its opposition brief. While the Court did not require same, the Court finds that it should alleviate Defendant's concerns. Further, as noted above, the Court finds that additional restrictions on Ms. Litvin's review of the documents are not necessary. The Court shall therefore not require more from Ms. Litvin or Plaintiff.

### III. Conclusion

For the reasons stated above, Defendant's motion for reconsideration is DENIED. An appropriate Order follows.

Dated: July 12, 2018

_s/ Tonianne J. Bongiovanni_
**TONIANNE J. BONGIOVANNI**
**UNITED STATES MAGISTRATE JUDGE**
